UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CALVIN HUDSON,

                              Plaintiff,

                                           9:12-CV-1655
v.                                           (MAD/TWD)

WAYNE HEATH AND JOY ALBRIGHT,

                              Defendants.
_____

APPEARANCES:                           OF COUNSEL:

CALVIN HUDSON, 09-A-6314
Plaintiff pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN          ROGER W. KINSEY, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

     This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino,

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff

Calvin Hudson, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), alleges that Defendants Wayne Heath, the Superintendent

of Greene Correctional Facility, and Joy Albright, the Nurse Administrator at Greene

Correctional Facility, violated his constitutional rights by failing to provide him with adequate medical care. (Dkt. No. 1 at 7.) Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) Plaintiff has opposed this motion. (Dkt. No. 15.) For the reasons set forth below, I recommend that Defendants' motion be granted with leave to amend as to Plaintiff's Eighth Amendment claims against Defendants in their individual capacities and granted without leave to amend as to Plaintiff's official capacity claims and Fourth Amendment claims.

## I. BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff suffers from chronic asthma and requires periodic asthma treatments to manage his symptoms. (Dkt. No. 1 at 7, 10; Dkt. No. 15 at 2.) On August 3, 2012, while incarcerated at the Greene Correctional Facility ("Greene") in Coxsackie, New York, Plaintiff reported to the facility infirmary for a "sick call." (Dkt. No. 1 at 7.) At the infirmary, Defendant Joy Albright, the nurse administrator on duty at the time, spoke to Plaintiff about his symptoms. *Id.* Plaintiff told Ms. Albright that he was experiencing asthma symptoms and that he had an upset stomach. (Dkt. No. 1 at 7.) Ms. Albright did not provide any medical treatment to Plaintiff for these symptoms, but instead ordered Plaintiff back to his cell with instructions to "drink some water." *Id.*

At approximately 2:00 a.m. on August 4, 2012, several hours after returning to his cell at the behest of Ms. Albright, Plaintiff suffered an acute asthma attack and was transported to

Albany Medical Center for emergency treatment.  (Dkt. No. 1 at 7-8.)  Plaintiff remained at

Albany Medical Center for several days after the attack, returning to Greene on August 8, 2012.

(Dkt. No. 1 at 9.)   Following his release from the hospital, Plaintiff was examined by a DOCCS

physician who stated that he "seem[ed] to be well."  (Dkt. No. 1 at 9.)  Plaintiff remained in the

prison medical unit for forty-eight hours upon return from the hospital before returning to the

prison's general population.  *Id.*

Plaintiff filed the present action on November 7, 2012, alleging that Defendants deprived

him of adequate medical care in violation of the Eighth Amendment by refusing to administer

asthma treatment to him on August 3, 2012.  (Dkt. No. 1 at 10-11.)  Plaintiff also claims that

Defendants violated the Fourth Amendment.  (Dkt. No. 1 at 10-13.)  As relief, he seeks

$400,000.00 in compensatory damages and $100,000.00 in punitive damages.  (Dkt. No. 1 at 11,

13, and 14.)

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

 In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*,

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means

that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not

shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation

omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.    ANALYSIS

### A.    Capacity

Plaintiff brings the present action against Defendants Wayne and Albright in both their

official and individual capacities. (Dkt. No. 1 at 1.) In their motion to dismiss, Defendants argue

that the Eleventh Amendment mandates dismissal of the official capacity claims pursuant to the

doctrine of sovereign immunity. (Dkt. No. 12-1 at 4-6.) Defendants are correct.

The Eleventh Amendment protects a state from suits brought in federal court by citizens

of that state, regardless of the nature of the relief sought. *Edelman v. Jordan*, 415 U.S. 651,

662–63 (1974); *Cory v. White*, 457 U.S. 85, 90–91 (1982); *Ying Jing Gan v. City of New York*,

996 F.2d 522, 529 (2d Cir.1993); *see also Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir.

1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for

money damages against state officials in their official capacities.").  All DOCCS employees are

state officials for the purposes of the Eleventh Amendment.  *See e.g. Davis v. New York*, 316

F.3d 93, 101 (2d Cir. 2002); *Tolliver v. Wilson*, No. 99 CIV 9555 (JGK), 2000 U.S. Dist. LEXIS

11531, at *6, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14, 2000) ("All of the defendants in this

case are state officials because they are employees of the New York State Department of

Correctional Services.").

Here, Defendants Albright and Wayne are both DOCCS employees and are thus state

officials for purposes of the Eleventh Amendment.  (Dkt. No. 1 at 1-2; 12-1 at 3.); *Davis*, 316

F.3d at 101. As such, the doctrine of sovereign immunity bars Plaintiff from bringing claims for

damages against Defendants in their official capacities.[1]  Dismissal of Plaintiff's official capacity

claims pursuant to the Eleventh Amendment is therefore appropriate.  Therefore, I recommend

that the Court grant Defendants' motion to dismiss in this respect and dismiss Plaintiff's claims

against Defendants in their official capacities.

Concerning Plaintiff's ability to amend, the Second Circuit has held that where a pro se

complaint fails to state a cause of action, the court *generally* "should not dismiss without

granting leave to amend at least once when a liberal reading of the complaint gives any indication

---

[1]     Note that sovereign immunity bars suit against Defendants in their official
capacities only. Defendants are not entitled to Eleventh Amendment immunity for the damages
claims against them in their individual capacities.  *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir.
1988) ("The eleventh amendment bars recovery against an employee who is sued in his official
capacity, but does not protect him from personal liability if he is sued in his 'individual' or
'personal' capacity.").

that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)

(internal quotation and citation omitted). However, an opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better

pleading will not cure it." *Id*. (citation omitted). In the case of Plaintiff's official capacity

claims, the issue of sovereign immunity creates a substantive problem that cannot be cured

through better pleadings. As such, I recommend that Plaintiff's official capacity claims be

dismissed without leave to amend.

### B. Plaintiff's Eighth Amendment Medical Indifference Claim

Plaintiff claims that Ms. Albright violated the Eighth Amendment by failing to provide

him with adequate medical care on August 3, 2012, when Plaintiff reported to the infirmary with

asthma symptoms. (Dkt. No. 1 at 10.) He asserts that the acute asthma attack he experienced on

August 4, 2012, was the result of Ms. Albright's refusal to administer proper treatment on

August 3, 2012. (Dkt. No. 1 at 13.) Plaintiff claims that he is entitled to damages under the

Eighth Amendment because Ms. Albright's failure to act deprived him of his constitutionally

guaranteed right to "prompt and adequate medical attention." *Id.* at 10.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual"

punishments. The word "punishment" refers not only to deprivations imposed as a sanction for

criminal wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*,

429 U.S. 97, 102-03 (1976). Punishment is "cruel and unusual" if it involves the unnecessary

and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that

mark the progress of a maturing society." *Id*. at 102 (quoting *Trop v. Dulles*, 356 U.S. 86, 101

(1958)). Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane

6

conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his or her Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citation omitted).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03. "When the basis for a prisoner's Eighth Amendment claim is a temporary delay . . . in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged

deprivation" is sufficiently serious. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original).

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d at 703 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835. An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06. Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id.* at 106. Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see also Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.") However, malpractice that amounts to culpable recklessness constitutes deliberate indifference. Accordingly, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance*, 143 F.3d at 703 (quoting *Hathaway*, 99 F.3d at 553).

1.      <u>Plaintiff's Eighth Amendment Claim Against Defendant Albright</u>

As written, Plaintiff's complaint fails to set forth facts sufficient to plausibly establish either the first or the second element of his medical indifference claim against Defendant Albright.  Regarding the first element, Plaintiff fails to allege facts to credibly demonstrate that the alleged deprivation of medical care–*i.e*, Defendants' delay in providing treatment for his asthma–was "sufficiently serious."  *Smith*, 316 F.3d at 185 ("When the basis for a prisoner's Eighth Amendment claim is a temporary delay . . . in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation" is sufficiently serious).

Plaintiff claims that Ms. Albright deprived him of adequate medical care by refusing to provide treatment when he came to the prison infirmary complaining of "asthma symptoms and a [sic] upset stomach" on August 3, 2012.  (Dkt. No. 1 at 7.)  Despite this initial denial of treatment, however, Plaintiff states in the complaint that he ultimately did receive  "proper medical attention for his health and welfare" at the Albany Medical Center, where he was transported following the asthma attack.  (Dkt. No. 1 at 8.)  Because the fact that Plaintiff ultimately received appropriate treatment for his asthma is undisputed, it is the delay in his treatment rather than his underlying medical condition that is the appropriate focus for evaluating whether Plaintiff has stated a "sufficiently serious" deprivation.  *Smith*, 316 F.3d at 185.  Here, the delay at issue was for a period of approximately twelve hours–from the time Ms. Albright refused Plaintiff's request for asthma treatment at the prison infirmary at approximately 2:00 p.m. until 2:00 a.m. the next morning, when Plaintiff experienced the asthma attack in his cell

and was transported to the hospital. (Dkt. No. 1 at 7-8.)

Concerning the effect of this delay in treatment, Plaintiff appears to claim that but for Ms. Albright's refusal to provide treatment on August 3, 2012, he would not have experienced the asthma attack–*i.e.*, that the attack would have been prevented if Ms. Albright had treated his symptoms twelve hours earlier as he had requested. As a result of Ms. Albright's inaction, Plaintiff claims that he experienced pain and suffering and "almost los[t] his life." (Dkt. No. 1 at 8.) Plaintiff fails to include any specific facts in his complaint to support these conclusory allegations of harm, however.

Accepting all of the allegations in his complaint as true, Plaintiff has failed to allege adequate facts to satisfy the "sufficiently serious" element of his medical indifference claim. First, apart from his description of the asthma attack itself, Plaintiff does not claim to have suffered any significant or lasting harm as a result of the attack. Furthermore, nothing in the complaint indicates that Plaintiff experiences "substantial or chronic pain" or that his daily life has been affected in any way. *Chance*, 143 F.3d at 702-03. In fact, Plaintiff states in the complaint that the DOCCS physician who examined him following his release from the hospital had no concerns about his health following the asthma attack and informed Plaintiff that he "seem[ed] to be well." (Dkt. No. 1 at 9.) Without more, Plaintiff has failed to allege facts sufficient to meet the objective prong for Eighth Amendment liability. *See Peterson v. Cecot*, No. 9:09-CV-1056 (GTS/DEP), 2011 WL 4343842, at *4-5, 2011 U.S. Dist. LEXIS 104904, at *13-15 (N.D.N.Y. Mar. 8, 2011) (holding that Eighth Amendment claim alleging confiscation of inhaler used by the plaintiff to treat asthma failed to allege a "sufficiently serious" medical condition as required to support a medical indifference claim); *see also Sledge v. Fein*, No. 11

Civ. 7450 (PKC), 2013 WL 1288183, at *5, 2013 U.S. Dist. LEXIS 44992, at *11-12 (S.D.N.Y. Mar. 28, 2013) (finding that two month delay in prescribing appropriate treatment for inmate's asthma was not "sufficiently serious" for purposes of the Eighth Amendment even though plaintiff had hit his head during an asthma attack he experienced as a result of the delay); *Sulkowsa v. City of New York*, 129 F. Supp. 2d 274, 292 (S.D.N.Y.2009) (finding that, in the absence of an attack or symptoms of an attack, an asthma condition is not a sufficiently serious medical need); *see also Patterson v. Lilley*, No. 02 Civ. 6056 NRB, 2003 WL 21507345, 2003 U.S. Dist. LEXIS 10097, at *12 (S.D.N.Y. June 20, 2003) (holding that the objective component of a deliberate indifference claim is not satisfied without any allegation of discomfort or any symptoms of an emergent attack).[2]

Even if the Court were to find that Plaintiff's allegations meet the objective test for medical indifference, Plaintiff's allegations fail the subjective test. In the complaint, Plaintiff states that he reported to Ms. Albright on August 3, 2012, that he was experiencing "asthma symptoms" and an upset stomach. (Dkt. No. 1 at 7.) After hearing his symptoms, Plaintiff states that Defendant Albright ordered him back to his cell without treatment, instructing him to "drink a glass of water" if his symptoms continued. *Id.* Beyond this, Plaintiff does not include any other facts in the complaint indicating Albright's intent or that she was "actually aware of a substantial risk" to Plaintiff's health when she sent him back to his cell without treatment. *See Salahuddin*, 467 F.3d at 280 (holding that deliberate indifference "requires that the charged official act . . . while actually aware of a substantial risk that serious inmate harm will result").

---

[2] The Court will provide Plaintiff with a copy of these unpublished decisions in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Nothing in the complaint indicates that Ms. Albright knew at the time she sent Plaintiff back to his cell that his medical condition was "fast-degenerating" or "life-threatening." *Youngblood v. Artus*, No. 9:10-cv-00752 (MAD/DRH), 2011 WL 6337774, at *6, 2011 U.S. Dist. LEXIS 145470, at *15 (N.D.N.Y. Dec. 19, 2011) (internal citations omitted).[3] Without more, Plaintiff's description of his symptoms at the time he spoke to Ms. Albright is insufficient to satisfy the subjective element of medical indifference.

For the reasons set forth above, I recommend that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim be granted as to Defendant Albright. Because the problems discussed above may be attributable to pleading error, Plaintiff should be granted leave to amend this claim.

2.      Plaintiff's Eighth Amendment Claim Against Defendant Heath

Plaintiff claims that Defendant Heath, the Superintendent of Greene Correctional Facility, is liable for violations of the Eighth Amendment arising from his duty to supervise all facility staff, including medical personnel such as Ms. Albright. However, as the Second Circuit explained in *Blyden v. Mancusi*, 186 F.3d 252 (2d Cir. 1999), "[b]ecause Section 1983 imposes liability only upon those who actually cause a deprivation of rights, 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' For this reason, the doctrine of *respondeat superior* cannot be used to establish liability under Section 1983." *Id.* at 264 (citations omitted). Here, beyond his position as a supervisor above Defendant Albright in the chain of command, nothing in the complaint suggests that Defendant Heath was personally involved in the events underlying Plaintiff's claims. Without

---

[3] The Court will provide Plaintiff with a copy of this unpublished decision.

more, Plaintiff's claim against Defendant Heath is facially deficient. *Blyden,* 186 F.3d at 264. I therefore recommend that Defendants' motion to dismiss be granted with leave to amend as to Plaintiff's Eighth Amendment claim against Defendant Heath.

**C.      Plaintiff's Fourth Amendment Claims**.

In his complaint, Plaintiff alleges that Defendants are liable for violations of the Fourth Amendment. As the basis for this claim, Plaintiff states that his Fourth Amendment right "to be free in his person, home and papers and effects . . . were violated by Joy Albright and her medical staff when the plaintiff's plea's [sic] for medical attention were denied." (Dkt. No. 1 at 12.)

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Prisoners cannot assert Fourth Amendment claims regarding cell searches, even where the search is retaliatory or arbitrary. *DeMaio v. Mann*, 877 F. Supp. 89, 95 (N.D.N.Y. 1995) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights.") *aff'd*, 122 F.3d 1055 (2d Cir. 1995). In a prison or institution housing pretrial detainees, the "essential" state interests include "maintaining institutional security and preserving internal order." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). "[O]fficials must be free to take appropriate action to ensure the safety of inmates and ... personnel and to prevent escape or unauthorized entry." *Id.* at 547.

Here, Plaintiff fails to allege any facts in support of his Fourth Amendment claim. Even when construed liberally, there are no allegations in the complaint that could even arguably serve

as the basis for a Fourth Amendment Claim.  Better pleading could not cure this defect.  I

therefore recommend that Defendants' motion to dismiss be granted without leave to amend as to

Plaintiff's Fourth Amendment claims in this case.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt.

No. 12.) be **<u>GRANTED</u>** without leave to amend as to Plaintiff's official capacity claims and

Fourth Amendment claims and **<u>GRANTED</u>** with leave to amend the Eighth Amendment

claims; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Patterson v. Lilley*, No. 02

Civ. 6056 NRB, 2003 WL 21507345, 2003 U.S. Dist. LEXIS 10097 (S.D.N.Y. June 20, 2003);

*Peterson v. Cecot*, No. 9:09-CV-1056 (GTS/DEP), 2011 WL 4343842, 2011 U.S. Dist. LEXIS

104904 (N.D.N.Y. Mar. 8, 2011); *Sledge v. Fein*, No. 11 Civ. 7450 (PKC), 2013 WL 1288183,

2013 U.S. Dist. LEXIS 44992 (S.D.N.Y. Mar. 28, 2013); *Tolliver v. Wilson*, No. 99 CIV 9555

(JGK), 2000 U.S. Dist. LEXIS 11531, 2000 WL 1154311 (S.D.N.Y. Aug. 14, 2000); and

*Youngblood v. Artus*, No. 9:10-cv-00752 (MAD/DRH), 2011 WL 6337774, 2011 U.S. Dist.

LEXIS 145470 (N.D.N.Y. Dec. 19, 2011).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL</u>**

**<u>PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: July 31, 2013
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge