**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CALVIN HUDSON,

                         **Plaintiff,**

    vs.                                  **9:12-cv-1655**
                                             **(MAD/TWD)**

WAYNE HEATH, *Superintendent, Greene*
*Correctional Facility*, and JOY ALBRIGHT,
*Nurse Administrator, Greene Correctional Facility*,

                         **Defendants.**

_____

APPEARANCES:                       OF COUNSEL:

CALVIN HUDSON
09-A-6314
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff *pro se*

OFFICE OF THE NEW YORK        ROGER W. KINSEY, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      On October 30, 2012, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. §

1983, alleging that Defendants deprived him of adequate medical care in violation of the Eighth

Amendment. *See* Dkt. No. 1 at 10-11. Plaintiff also claims that Defendants violated the Fourth

Amendment. *See id.* at 10-13.

      On February 27, 2013, Defendants moved to dismiss the complaint. *See* Dkt. No. 12-1.

Plaintiff opposed the motion. *See* Dkt. No. 15. In a July 31, 2013 Report-Recommendation and

Order, Magistrate Judge Dancks recommended that the Court grant Defendants' motion but permit Plaintiff leave to amend. *See* Dkt. No. 20. Specifically, Magistrate Judge Dancks found that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. *See id.* at 4-5. As to Plaintiff's deliberate indifference to a serious medical need claim, the Report recommended that the Court find the complaint failed to allege facts plausibly suggesting that Defendants' delay in providing treatment was sufficiently serious to state an Eighth Amendment claim. *See id.* at 9-11. Moreover, as to Defendant Albright, Magistrate Judge Dancks found that the complaint fails to provide facts establishing that she had a sufficiently culpable state of mind. *See id.* at 11-12. Regarding Defendant Heath, Magistrate Judge Dancks found that Plaintiff failed to allege that Defendant Heath was personally involved in any of the alleged conduct. *See id.* at 12-13. Finally, Magistrate Judge Dancks recommended the Court find that, since prisoners cannot assert Fourth Amendment claims regarding cell searches this claim should be dismissed with prejudice. *See id.* at 13-14.[1] Neither party objected to Magistrate Judge Dancks' Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

---

[1] The Court notes that, in alleging that Defendants violated his Fourth Amendment rights, Plaintiff simply claims that the denial/delayed medical care is what caused this violation. *See* Dkt. No. 1 at 12-13.

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ASTI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's [f]actual allegations must be enough to raise a right of relief above the speculative level." *Id.* at 555 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.""" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Having carefully reviewed the July 31, 2013 Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should grant Defendants' motion to dismiss. The complaint fails to allege sufficient facts to plausibly establish either the objective or subjective element of an Eighth Amendment deliberate indifference claim. *See Sledge v. Fein*, No. 11 Civ. 7450, 2013 WL 1288183, \*5-\*7 (S.D.N.Y. Mar. 28, 2013) (finding that a delay in prescribing appropriate treatment for an inmate's asthma was not "sufficiently serious" for purposes of the Eighth Amendment even though the plaintiff had hit his head during an asthma attack he experienced as a result of the delay). Further, the report correctly recommended dismissing Defendant Heath because Plaintiff fails to indicate how he was involved in the alleged conduct and he appears to have been included simply due to his position as Superintendent of Greene Correctional Facility. Finally, Magistrate Judge Dancks correctly determined that Plaintiff's Fourth Amendment claim should be dismissed with prejudice. *See Chaney v. Koupash*, No. 04-CV-136, 2008 WL 5423419, \*13 (N.D.N.Y. Sept. 26, 2008) (citing cases). Although an unwarranted search could become a constitutional violation if it was conducted in retaliation for a prisoner's exercise of a First Amendment right, Plaintiff has not alleged any facts to suggest that he engaged in a "protected activity." *See Brown v. Goord*, No. 9:04-CV-0785, 2007 WL 607396, \*14 (N.D.N.Y. Feb. 20, 2007) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' July 31, 2013 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss the complaint (Dkt. No. 12) is **GRANTED;** and the Court further

**ORDERS** that Plaintiff's Eighth Amendment claims are **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment and official capacity claims are **DISMISSED without leave to amend**; and the Court further

**ORDERS** that, if Plaintiff wishes to proceed with any claims that the Court has dismissed with leave to amend, he shall file an amended complaint, as directed below, within **THIRTY (30) DAYS** of the date of this Order;[2] and the Court further

**ORDERS** that, if Plaintiff fails to submit an amended complaint within **THIRTY (30) DAYS** of the date of this Order, judgment will be entered in Defendants' favor, without further Order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] Any amended complaint submitted by Plaintiff in response to this Memorandum-Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claims, and which names one or more specific individuals who engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Any amended complaint filed **shall supersede and replace in its entirety the original complaint**, and therefore must be a complete pleading which sets forth **all of the claims that Plaintiff wants this Court to consider as a basis for awarding relief herein.**