**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CALVIN HUDSON,**

                              **Plaintiff,**

    vs.                                                  **9:12-cv-01655
(MAD/TWD)**

**WAYNE HEATH, Superintendent, Greene
Correctional Facility; and JOY ALBRIGHT,
Nurse Administrator, Greene Correctional
Facility,**

                              **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**CALVIN HUDSON
09-A-6214**
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **RICHARD LOMBARDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* plaintiff, Calvin Hudson, a former inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. *See* Dkt. No. 27. Plaintiff's claims arose on August 2, 2012, while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") as an inmate in the Greene Correctional Facility ("Greene C.F."). Specifically, Plaintiff's amended complaint contains the following claims: (1) that medical staff at Greene C.F. provided constitutionally inadequate

medical care; and (2) that Defendant Albright was aware of these violations and was deliberately indifferent by failing to remedy Plaintiff's issues. *See generally* Dkt. No. 27.

On July 31, 2014, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that Defendants' motion to dismiss for failure to state a claim be granted in part and denied in part. *See* Dkt. No. 38. Specifically, Magistrate Judge Dancks recommended that the Court grant the motion as to Defendant Heath and deny the motion as to Defendant Albright. Neither party objected to Magistrate Judge Dancks' recommendation, nor asked for an extension of time to do so.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial

2

review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are

3

"plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (qquoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that he was required to file objections to the Report-Recommendation and Order, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 38. Specifically, Magistrate Judge Dancks informed plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Dancks clearly provided Plaintiff with

4

sufficient notice of the consequences of failing to object to the Report-Recommendation and Order.

Having carefully reviewed the July 31, 2014 Report-Recommendation and Order, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant in part and deny in part Defendants' motion to dismiss for failure to state a claim. Specifically, the Court finds that Magistrate Judge Dancks correctly determined that Defendant Heath should be dismissed because the amended complaint fails to plausibly allege Defendant Heath was personally involved in the allegedly inadequate medical care. Further, the Court finds that the recommendation correctly determined that Defendants' motion should be denied with respect to Plaintiff's claims against Defendant Albright regarding the medical care he received on August 2, 2012.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Dancks' July31, 2014 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 28) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Defendant Heath is **DISMISSED** from this action; and the Court further

**ORDERS** that Defendant's motion to dismiss for failure to state a claim is **DENIED** with respect to Plaintiff's claims against Defendant Albright; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 29, 2014
Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge