UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

CALVIN HUDSON,

                       Plaintiff,

v.                                               9:12-CV-01655
                                               (MAD/TWD)

WAYNE HEATH,
Superintendent,

JOY ALBRIGHT,
Nurse Administrator

                       Defendants.
────────────────────────────────────────────

APPEARANCES:                                                            OF COUNSEL:

CALVIN HUDSON
Plaintiff pro se
230 East 123rd Street
Apt #2602
New York, NY 10035

HON. ERIC T. SCHNEIDERMAN                              KEITH J. STARLIN, ESQ.
Attorney General for the State of New York
Counsel for Defendant
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

**I.    INTRODUCTION**

      This matter is presently before the Court to consider whether this action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on *pro se* Plaintiff's failure to prosecute. (Dkt. No. 58.) For the reasons that follow, I recommend that the letter motion be granted and that the action be dismissed without prejudice.

## II. PROCEEDINGS TO DATE

Plaintiff commenced this action on November 7, 2012, by filing a Complaint, naming Wayne Heath and Joy Albright as Defendants, along with a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.) On January 28, 2013, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 8.) On February 27, 2013, Defendant moved to dismiss the Complaint for failure to state a claim. (Dkt. No. 12.) On March 19, 2013, Plaintiff filed his response in opposition to the motion to dismiss. (Dkt. No. 15.) On July 31, 2013, the Court recommended that Defendant's motion to dismiss be granted without leave to amend as to Plaintiff's official capacity and Fourth Amendment claims, and granted with leave to amend as to the Eighth Amendment claims. (Dkt. No. 20.) Neither Plaintiff nor Defendant objected to the Report-Recommendation, and on September 3, 2013, District Judge Mae A. D'Agostino adopted the Report-Recommendation in its entirety. (Dkt. No. 22.) On November 4, 2013, Plaintiff timely filed an Amended Complaint. (Dkt. No. 27.) On November 5, 2013, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim. (Dkt. No. 28.) On January 26, 2014, Plaintiff filed a response in opposition to the motion to dismiss for failure to state a claim. (Dkt. No. 35.)

On April 3, 2014, Plaintiff informed the Clerk's Office via telephone that he was being released from prison and that his new address would be 230 East 123rd Street, Apartment # 2602, New York, New York 10035. *See* Text Notice, 4/3/2014. The Clerk instructed Plaintiff to promptly notify the Court and opposing counsel of the address change in writing, in accordance with Local Rule 10.1(c)(2). *See id.* Plaintiff was advised that until the Court received a written notice of the address change, all mail related to the pending litigation would be sent to his prior address at Greene Correctional Facility. *See id.* Thereafter, on April 21, 2014, mail sent to

Plaintiff by the Court was returned as undeliverable. (Dkt. No. 37.) On July 31, 2014, Defendant's motion to dismiss was granted as to Defendant Health, but denied for Defendant Albright, leaving her the only remaining Defendant. (Dkt. No. 38.) On August 25, 2014, the copy of the Report-Recommendation (Dkt. No. 38) notifying Plaintiff of the Court's disposition on Defendant's motion to dismiss was again returned as undeliverable. (Dkt. No. 39.) On August 29, 2014, Judge D'Agostino adopted the Report-Recommendation in its entirety. (Dkt. No. 40.) On September 2, 2014, the Court re-mailed the Report-Recommendation (Dkt. No. 38) along with a copy of the Order (Dkt. No. 40) to Plaintiff at his new address, along with a notice of change of address form. *See* Dkt. Entry 9/2/2014. Plaintiff never returned the completed change of address form. *See id.* Nevertheless, future contact from the Court to Plaintiff was sent to the new address. *See* Dkt. Entry 9/9/2014.

On July 23, 2015, Defendant filed a letter motion requesting a stay of discovery and motion deadlines until the Court decided the pending motion to dismiss. (Dkt. No. 53.) Defendant's letter motion disclosed, among other things, that Plaintiff had failed to appear for two scheduled depositions. (Dkt. No. 53.) On July 27, 2015, the Court extended the discovery and dispositive motion deadlines. (Dkt. No. 54.) The Court ordered Defendant to immediately reschedule Plaintiff's deposition with proper notice, to be completed by August 31, 2015. *Id.* The Court ordered Plaintiff to appear for the rescheduled deposition, and warned Plaintiff that failure to appear and participate in the deposition would result in sanctions, including, *inter alia*, dismissal of his claim for failure to prosecute and failure to follow a court order. *Id.* This notice was sent to Plaintiff at the new address and was not returned as undeliverable. *See id.* Defendant was also ordered to file a status report regarding Plaintiff's deposition by September 4, 2015. *Id.*

On August 26, 2015, Defendant submitted the status report, and resubmitted the letter motion requesting a stay of discovery and motion deadlines until the referenced motion to dismiss was decided, disclosing that Plaintiff had again failed to appear for his scheduled deposition. (Dkt. Nos. 55 and 56.) Accordingly, the Court adjourned all pretrial deadlines, including the dispositive motion deadline, without setting new deadlines. (Dkt. No. 57.) Defendant was ordered to file the referenced motion to dismiss or a status report regarding the motion to dismiss by October 2, 2015. *Id.* The present motion to dismiss for failure to prosecute was filed on October 2, 2015. (Dkt. No. 58.) The hearing on the motion was set for November 5, 2015, at 9:30 AM. *Id.* Plaintiff was ordered to respond by October 19, 2015. *Id.* Plaintiff never did so.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1, 1996 U.S. Dist. LEXIS 12296, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. C. Civ. P. 41(b) refers

---

[1] The Court will provide *pro se* Plaintiff Hudson with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The Court considers the correctness of a Rule 41(b) dismissal in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miller*, 84 F.3d 532, 535 (2d Cir. 1996).

As to the first factor, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, Plaintiff has not communicated with the Court since he notified the Clerk's Office of his release from prison via telephone on April 3, 2014. *See* Text Notice, 4/3/2014. Plaintiff was advised that, pursuant to Local Rule 10.1(c)(2), he would need to provide the Court with his new address in writing, and that failure to do so would result in all communications being sent to his prior address at Greene Correctional Facility. *See id*. Nevertheless, mail was returned to the Court as undeliverable on April 21, 2014, and August 25, 2014. (Dkt. Nos. 39 and 43.) After missing two prior depositions and being ordered by the Court to participate in the second rescheduled deposition and warned that failure to appear would "result in sanctions including, but not limited to, dismissal . . . for failure to prosecute," Plaintiff nonetheless failed to appear for the second rescheduled deposition. (Dkt. Nos. 54 and 58-2 at 8.) In further support of Plaintiff's lack of interest in pursuing this case,

Plaintiff failed to respond to the present motion to dismiss. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816, *4, 2005 U.S. Dist. LEXIS 32899, at *10 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001)). On July 27, 2015, after failing to appear for two scheduled depositions at the office of Defendant's counsel, Plaintiff was "ordered to appear and participate in the rescheduled deposition. Plaintiff [was] warned that failure to appear and participate in his deposition [would] result in sanctions including, but not limited to dismissal of the action for failure to prosecute." (Dkt. No. 54.) Nevertheless, Plaintiff failed to appear for the second rescheduled deposition. (Dkt. No. 56 at 1.) Thus, the Court finds that the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendant. The events giving rise to Plaintiff's claims occurred in August 2012, and Defendant has not yet deposed Plaintiff, nor been able to obtain any discovery from Plaintiff. Further delay may well affect Defendant's ability to locate witnesses (who might retire from, or be released or transferred from Greene Correctional Facility), and to preserve evidence. *See, e.g.*, *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (noting that passage of time would cause memories to fade).

Here, the Court also finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. Plaintiff has had ample opportunity to be heard and yet has failed to take any action since April of 2014. *See* Dkt. Entry 4/3/2014. It is the need to monitor and manage cases such as this that delay the resolution

of other cases and contribute to the Second Circuit's relatively long median time to disposition for such civil rights cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

**IV.	CONCLUSION AND RECOMMENDATION**

Plaintiff has failed to take any meaningful steps to pursue his claims in this action since notifying the Court of a change of address in a phone call on April 3, 2014. *See* Text Notice, 4/3/2014. After failing to provide the Court with his change of address in writing as Local Rule 10.1(c)(2) required him to do, and after failing to attend depositions on two occasions, Plaintiff was warned that failure to attend the second rescheduled deposition could result in dismissal. (Dkt. No. 54.) Nevertheless, Plaintiff again failed to attend the deposition. (Dkt. No. 56 at 1.) Accordingly, based upon Plaintiff's failure to comply with a directive from this Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

**RECOMMENDED** that Defendant's motion to dismiss pursuant to Fed.R.Civ.P 41(b) (Dkt. No. 58) be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534 (N.D.N.Y. Aug. 22, 2006) and *Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005) cited herein; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on the parties in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: March 25, 2016
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2005 WL 2205816
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Wattie FOLK, Plaintiff,
v.
P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
|
Sept. 9, 2005.

**Attorneys and Law Firms**

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER

SKRETNY, J.

I. INTRODUCTION

*1 Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. See *Bobal v. Rensselaer Polytecnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. Cf. *id.* at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

 **\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

### III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute
This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id.* at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

 **\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

1. Duration of Failures
The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities

to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. Cf. *Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

2. Notice of Dismissal

 ***4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. *See Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

3. Prejudice to Defendants
The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

4. Balance between Calendar Congestion and Due Process Rights
The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

 ***5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because

the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at *3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery.' " *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2205816

---

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.

**Folk v. Rademacher, Not Reported in F.Supp.2d (2005)**
2005 WL 2205816

**1996 WL 481534**
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,
v.
Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

*1 By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. See Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." See Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. See Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. Link v. Wabash Railroad County Independent School District, 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. See Rodriguez v. Walsh, No. 92–Civ–3398, 1994 WL 9688, *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." See Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany Cty Corr. Facility, No. 95–CV–1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting Perkins v. King, No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); see generally Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, See Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

*2 IT IS SO ORDERED.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

1996 WL 481534

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**  © 2016 Thomson Reuters. No claim to original U.S. Government Works.