**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CALVIN HUDSON,**

                                    **Plaintiff,**

       **vs.**                                                                 **9:12-cv-1655**
                                                 **(MAD/TWD)**

**JOY ALBRIGHT, Nurse Administrator,**
**Greene Correctional Facility,**

                                    **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**CALVIN HUDSON**
230 East 123rd Street
Apt #2602
New York, New York 10035
Plaintiff pro se

**OFFICE OF NEW YORK**
**STATE ATTORNEY GENERAL**             **KEITH J. STARLIN, AAG**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

       Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to

prosecute after Plaintiff failed to appear at three of his scheduled depositions. Dkt. No. 58. In a

March 25, 2016 Report-Recommendation and Order, Magistrate Judge Dancks recommended that

Defendant's motion be granted and this action dismissed without prejudice. Dkt. No. 59.

       Pro se plaintiff, Calvin Hudson, commenced this civil rights action on November 7, 2012,

by filing a complaint which named Wayne Heath and Joy Albright as Defendants for events that

took place during Plaintiff's incarceration at Greene Correctional Facility.  Dkt. No. 1.[1]  On April

3, 2014, Plaintiff informed the Clerk's Office by telephone that he was being released from prison

and that his new address would be 230 East 123rd Street, Apartment # 2602, New York, New

York 10035.  *See* Text Notice, 4/03/2014.  The Clerk directed Plaintiff to provide written notice

of the change in address to the Court and opposing counsel, in accordance with Local Rule

10.1(c)(2).  *Id.*  Plaintiff was advised that until written notice of change of address was received

by the Court, all mail relating to the pending litigation would be sent to his prior address at

Greene Correctional Facility.  *Id.*  On April 21, 2014, mail sent by the Court to Plaintiff was

returned as undeliverable.  Dkt. No. 37.

On July 23, 2015, Defendant filed a letter motion requesting a stay of discovery and

motion deadlines until the Court decided the pending motion to dismiss.  Dkt. No. 53.  This letter

also informed the Court that Plaintiff had failed to appear for two scheduled depositions.  *Id.*  On

July 27, 2015, the Court extended the discovery and dispositive motion deadlines, and ordered

Defendant to immediately reschedule Plaintiff's deposition with proper notice, to be completed by

August 31, 2015. Dkt. No. 54.  The Court ordered Plaintiff to appear for the rescheduled

deposition, and warned Plaintiff that failure to appear and participate in the deposition would

result in sanctions, including dismissal of his case for failure to prosecute and failure to follow a

court order.  *Id.*  This notice was sent to Plaintiff at his new address and was not returned as

undeliverable.  *Id.*  Defendant was ordered to file a status report regarding Plaintiff's deposition

by September 4, 2015.  *Id.*

On August, 26, 2015, Defendant submitted the status report which disclosed that Plaintiff

---

[1] For a complete recitation of the relevant procedural history, refer to Magistrate Judge
Dancks' March 25, 2016 Report-Recommendation and Order.  *See* Dkt. No. 59.

had again failed to appear for his scheduled deposition. Dkt. No. 55. Additionally, on August 26, 2015, Defendant resubmitted the letter motion requesting stay of discovery and motion deadlines until the referenced motion to dismiss was decided. Dkt. No. 56. Subsequently, the Court adjourned all pretrial deadlines, including the dispositive motions, without setting new deadlines. Dkt. No. 57. Defendant was ordered to file a motion to dismiss or status report regarding a motion to dismiss by October 2, 2015. Defendant filed the present motion to dismiss for failure to prosecute on October 2, 2015. Dkt. No. 58. Plaintiff was ordered to respond by October 19, 2015, which he failed to do.

Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or to comply with the procedural rules or orders of the court. *See* Fed. R. Civ. P. 41(b);[2] *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (upholding the district court's inherent authority to dismiss an action *sua sponte* for failure to prosecute, notwithstanding the language of Rule 41(b) which appears to permit such action only on motion of the defendant).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 6:95-CV-1190 (RSP/RWS), 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996).

The correctness of a dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with

---

[2] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[3] *See also Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980) (holding that even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute).

an order or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miller*, 84 F.3d 532, 535 (2d Cir. 1996). In general, "no factor is dispositive in determining whether dismissal is warranted." *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998). Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. *See Link*, 370 U.S. at 633.

With respect to the first factor, Magistrate Judge Dancks noted in a March 25, 2016 Report-Recommendation and Order that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Dkt. No. 59 at 5 (quoting N.D.N.Y. L.R. 41.2(a)). Plaintiff has not communicated with the Court in over thirteen months. The last time Plaintiff communicated with the Court was on April 3, 2014, when he notified the Clerk's Office of his release from prison and change of address. *See* Text Notice, 4/03/2014. Plaintiff failed to provide the Court and opposing counsel with written notice of his change in address, despite being advised to do so by the Clerk's Office. *Id*. Additionally, Plaintiff missed three scheduled depositions, even after a warning that failure to appear could result in dismissal. Dkt. Nos. 54 and 58-2. Further, Plaintiff has not responded to the present motion. Therefore, the Court finds that the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff was on notice that his inaction could result in dismissal. On July 27, 2015, after Plaintiff failed to appear for two scheduled depositions at the office of

Defendant's counsel, the Court ordered Plaintiff to appear and participate in the rescheduled deposition. Dkt. No. 54. In that order, the Court warned Plaintiff that failure to appear and participate in his deposition would result in sanctions including, but not limited to, dismissal for failure to prosecute. *Id*. Thus, the Court finds that the second factor weighs in favor of dismissal.

Where a plaintiff has caused unreasonable delay in the prosecution of an action, prejudice to the defendants may be presumed. *Coss v. Sullivan Cty. Jail Adm'r*, 171 F.R.D. 68, 71 (S.D.N.Y. 1997) (citing *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 43 (2d Cir. 1982)). In this case, Plaintiff has caused unreasonable delay by requiring Defendant to schedule three depositions and failing to appear for any. Dkt. No. 54. Additionally, Plaintiff has not cooperated with any instructions from the Clerk's Office or the Court since April of 2015 which also has caused delay for Defendant and the Court. *See* Text Notice, 4/03/2014. In a March 25, 2016 Report-Recommendation and Order, Magistrate Judge Dancks noted that the events giving rise to Plaintiff's claims occurred in August of 2012, and Plaintiff has not participated in any depositions or allowed Defendant to obtain discovery. Dkt. No. 59 at 6. Magistrate Judge Dancks also noted that further delay could affect Defendant's ability to locate witnesses and preserve evidence. *Id.* (citing *Georgiadis v. First Boston Corp*., 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). Therefore, prejudice can be presumed and the third factor supports dismissal of Plaintiff's case.

As to the fourth factor, the Court find that its interest in alleviating the congestion on its docket outweighs Plaintiff's interest in additional opportunity to be heard. This is supported by the fact that Plaintiff has had a fair opportunity to be heard, yet he has failed to take any action since April of 2014. *See* Text Notice, 4/03/2014. In *Reeder v. Hogan*, a prisoner civil rights case in which the action was over two years old and discovery had not yet commenced, Magistrate Judge Peebles stated "[i]t is the need to monitor and manage dilatory cases like this one that delay

the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for prisoner civil rights cases." *Reeder v. Hogan*, No. 9:09-CV-0977, 2011 U.S. Dist. LEXIS 118445, *16 (N.D.N.Y. Oct. 13, 2011).  Likewise, Plaintiff's failure to take any meaningful steps toward the resolution of his case has created a delay in the resolution of other cases; therefore, the fourth factor supports dismissal.

With respect to the fifth factor, the Court has considered sanctions less drastic than dismissal and finds them to be inadequate given Plaintiff's failure to comply or prosecute.

Based on the foregoing, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should grant Defendant's motion to dismiss for failure to prosecute.

After carefully considering Magistrate Judge Dancks' Report-Recommendation and Order, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' March 25, 2016 Report-Recommendation and order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for sanctions is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2016
     Albany, New York

Mae A. D'Agostino
U.S. District Judge